IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| ADAMS COUNTY ASPHALT COMPANY, | : | BANKRUPTCY NO.: 1-03-bk-00722-JJT |
| DEBTOR | : | |
| ADAMS COUNTY ASPHALT COMPANY, and MANN REALTY ASSOCIATES, INC., | : | {**Nature of Proceeding**: Defendants' Motion for Summary Judgment (Doc. #15)} |
| PLAINTIFFS | : | |
| OLDCASTLE, INC. and PENNSY SUPPLY INC., | : | |
| NOMINAL PLAINTIFFS | : | |
| vs. | : | |
| MARTIN L. GRASS and MARK G. CALDWELL, t/a DOUBLE M DEVELOPMENT, A PARTNERSHIP, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 1-13-ap-00056-JJT** |

# OPINION

Adams County Asphalt Company (ACA), Debtor in a confirmed Chapter 11 Plan, and Mann Realty Associates, Inc. (Mann) have filed a Complaint against Martin L. Grass and Mark G. Caldwell, trading as Double M Development, a Partnership (Double M). The Complaint is identified as a quiet title action regarding a property in proximity to a parcel identified as the Fiddler's Elbow Quarry. That quarry is the subject matter of a lawsuit filed to adversary proceeding 1-08-ap-00064-JJT in this Court. The Plaintiffs allege that the disputed parcel is currently owned by Mann, but there apparently is an intention to convey some part of it to ACA

to utilize in Adams County's efforts to reorganize under its confirmed Chapter 11 Plan. Doc. #10 at ¶¶ 1, 2. Robert Mumma, II, is the controlling principal of both entities, Mann and ACA.

Double M's response focuses on the existence of a state court order directing the owner of the parcel to convey the property to Double M pursuant to a state court Complaint by Double M seeking specific performance under a sales agreement between the parties. The Defendant, Double M, asserts as affirmative defenses: issue preclusion, collateral estoppel, res judicata, laches, unclean hands, and failure to state a cause of action. Doc. #13. Furthermore, the Defendant has filed a Motion for Summary Judgment and a request for sanctions under Rule 9011.

I would be remiss if I didn't first address my jurisdictional ability to address the issues before the Court. *Nuveen Municipal Trust* has reminded me that a trial court has an independent obligation to review its jurisdiction, even if not challenged. *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3rd Cir. 2012). These jurisdictional issues were raised by the Court at argument on July 16, 2013. The parties were given an opportunity to support their respective positions.

I first note that this Complaint was filed on March 13, 2013. ACA had its Plan confirmed on February 9, 2009. If an action is brought after confirmation, the Court's jurisdiction "wanes." *Nuveen Mun. Trust*, 692 F.3d at 294. The test of my jurisdiction, post-confirmation, is whether there is a close nexus to the bankruptcy plan. *In re Resorts Intern., Inc.*, 372 F.3d 154, 166 (3rd Cir. 2004). "Matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." *Resorts Intern., Inc.*, 372 F.3d at 167. A review of Article VI of the confirmed Plan of ACA references

"means of execution of the plan." Doc. #338 filed to case #1-03-bk-00722-JJT. Specific commentary is made to the Debtor's dependence on the owner of the Fiddlers Elbow Quarry retaking possession and authorizing the Debtor to "begin operations on the premises." No reference is made to the longstanding dispute between the owner of the premises and Double M over the sale agreement and the options thereunder, i.e., the subject matter of this specific lawsuit.

ACA's argument appears to run this way . . . ACA's Plan requires that it operate a blacktop plant on property owned by an affiliate, Mann Realty. While Mann is currently out of possession of that parcel because it is leased to a third party, Mann is hopeful that the lease will be deemed terminated by an appropriate tribunal which would allow it to convey possession of some part of that parcel to ACA. The parcel at issue in the dispute with Double M is not the principal property where the plant would locate, although it is in such a location as would enhance ACA's operation should all other contingencies be decided in ACA's favor.

In the meantime Mann, or its predecessor, lost an arbitration on the issue of whether the lease terminated with the tenant, Pennsy Supply, Inc., leaving Pennsy in possession. With regard to the subject matter of this lawsuit, the Schuykill County Court has directed Mann, or its predecessor, to convey the disputed parcel to Double M. It appears that regardless of the current dispute with Pennsy, the lease will terminate in 2015, and, if the owner of the property is still of a mind to convey possession to the Debtor, ACA, the property at issue in this adversary may be of use to ACA in advancing its Chapter 11 Plan.

Nexus is defined in the Merriam-Webster online dictionary as "a causal link." Nevertheless, the requirement I am directed to consider when exercising my jurisdiction is

[K:\Cathy\Opinions-Orders filed 2013\1-13-ap-00056-JJT_Adams_Co_Grass_SJ.pdf]     3

Case 1:13-ap-00056-JJT    Doc 42    Filed 09/26/13    Entered 09/26/13 12:31:59    Desc
Main Document      Page 3 of 4

whether a "close nexus" to the Plan exists.  A review of the Plan and the accompanying Disclosure Statement fails to mention the import, if any, of the extended litigation over the "option parcel" referenced in the Complaint.  Litigation appears to be ongoing at least since 1996.  ACA never intervened in that litigation despite the fact that Robert Mumma, II, was the controlling principal of ACA and the owner entities involved in the litigation.  No mention is made of this litigation or its relevance to the Debtor in either the Plan or the Disclosure Statement.  Nowhere does the interest of ACA in this parcel appear in its bankruptcy schedules.  Perhaps because the owner of the underlying land had not yet authorised ACA to take possession.  The conclusion is inescapable that there is not the close nexus to the Plan required for me to exercise jurisdiction over this litigation post confirmation.

    For all these reasons, on my own motion, I hereby dismiss this adversary for lack of subject matter jurisdiction.

    My Order will follow.

By the Court,

_John J. Thomas, Bankruptcy Judge_
(CMS)

Date: September 26, 2013